**Baltazar A. VILLARREAL, Appellant,**

v.

**The EQUAL EMPLOYMENT OPPORTUNITY COMMISSION OF the UNITED STATES; Eleanor Holmes Norton; Beverly A. Gary; Martin I. Slate; Whitney Walker; Winfred E. Mansfield, Appellees.**

No. 84–2340.

United States Court of Appeals,
Eighth Circuit.

Submitted April 8, 1985.

Decided April 17, 1985.

Rehearing and Rehearing En Banc Denied May 21, 1985.

Irving Achtenberg, Kansas City, Mo., for appellant.

Mark S. Flynn, Washington, D.C., for appellee.

Before ROSS and JOHN R. GIBSON, Circuit Judges, and MEREDITH,* District Judge.

PER CURIAM.

The appellant, Baltazar Villarreal, was employed as the Area Director at the Equal Employment Opportunity Commission (EEOC) Kansas City office, which was under the jurisdiction of the St. Louis District Office. Winfred Mansfield was the District Director, and had ultimate responsibility for both agency offices.

Mansfield had spoken with the appellant on numerous occasions regarding the backlog of cases in the Kansas City office. The backlog problem eventually led John Nicholson, the Deputy Director of the St. Louis office, to reprimand the appellant. A formal grievance was filed by the appellant. Shortly thereafter Nicholson conducted a performance evaluation of Villarreal. The appraisal rated the appellant "very good" overall—he was considered "promotion material"—but was critical of his inability to resolve the backlog problem.

Subsequently, Mansfield determined that the appellant's technical skills in the compliance area could be better utilized in the position of Compliance Manager in St.

* The HONORABLE JAMES H. MEREDITH, Senior Judge, United States District Court for the Eastern District of Missouri, sitting by designation.

Louis. On the other hand, Joseph Doherty who was then Compliance Manager in St. Louis, had managerial skills which Mansfield thought could more effectively be used in Kansas City. Accordingly, Mansfield sent the appellant the following letter:

After a careful review of the overall performance of the District Office over the past 15 months and my analysis of individual managerial strengths, I have decided that your individual skills and abilities can best be utilized here in the District Office.

Therefore, effective November 1, 1980, you are being reassigned to the District Office in St. Louis, as a Compliance Manager, GS–14. This move will provide you with the necessary opportunity to become knowledgeable and proficient and gain experience with other functions growing out of the reorganization that do not exist in an area office setting, i.e. CIC, Systemic, Hearings, FIU, as well as direct participation with the Legal/Compliance Interrelationship. Therefore, it is my conclusion that this move will be beneficial to you and to EEOC and, in particular, district operations.

You should contact Dottie Lofink, Program Analyst, who will assist you with PCS papers, travel advance and other specifics related to this move.

No reduction in salary or rank resulted from this transfer, and the appellant has abandoned the argument that this was an "adverse agency action."

At the time of the transfer, Villarreal was in the process of grieving Nicholson's letter of reprimand. Villarreal knew that he could file a grievance about virtually any personnel action. However, he did not file a grievance over his reassignment to St. Louis. Furthermore, he did not challenge the transfer in any administrative proceeding.

Shortly after Villarreal reported to the St. Louis office he filed the complaint in this case seeking declaratory and injunctive relief and money damages. He then moved for a preliminary injunction to enjoin the reassignment. After a three-day evidentiary hearing, the magistrate issued a Report and Recommendation denying the request for relief. The magistrate's Report and Recommendation was adopted without change by the district court.[1]

The case proceeded to trial on the merits and the district court denied the appellant relief holding: 1) the decision to transfer was a reasonable exercise of managerial discretion making judicial review under the APA inappropriate; 2) the plaintiff failed to exhaust his administrative remedies by filing a grievance or a complaint with the Office of the Special Counsel, and therefore could not claim his due process rights were violated; 3) judicial review was inappropriate because the Merit System Protection Board (MSPB) was not statutorily allowed to entertain a suit under the Civil Service Reform Act (CSRA) in cases such as this involving reassignment with pay and grade retention; and 4) even if a constitutional cause of action existed plaintiff could not establish a cognizable property or liberty interest in not being reassigned, 591 F.Supp. 1477. This appeal followed.

On appeal Villarreal raises the following issues:

1. whether the court erred in finding that administrative remedies had not been exhausted;

2. whether he was denied the procedural protection of the CSRA;

3. whether the stated reason for the transfer was pretextual;

4. whether there exists a property right entitling him to due process; and

5. whether he is entitled to damages.

After reviewing the briefs and the opinion in this case, we are convinced that this case is appropriate for disposition on the basis of 8TH CIR. R. 14. The appellant's arguments hinge on this court accepting his position that the stated reason for the

---

1. The Honorable D. Brook Bartlett, United States District Judge for the Western District of Missouri.

transfer was pretextual, and that it was really an attempt to force him to resign and force his removal. The district court twice rejected that factual assertion, and the court's findings in this regard are not clearly erroneous. *See Anderson v. City of Bessemer City,* —— U.S. ——, 105 S.Ct. 1504, 84 L.Ed.2d 518 (U.S.1985); *Tolliver v. Yearger,* 728 F.2d 1076 (8th Cir.1984). Additionally, no errors of law appear.

Accordingly, we affirm the judgment of the district court. *See* 8TH CIR. R. 14.